UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIANO HERNANDEZ CAMPOS,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION CENTER,<br>Respondent. | No. 1:26-cv-06872-DAD-JDP (HC)<br><br><u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, AND DENYING MOTION TO APPOINT COUNSEL AS MOOT</u><br><br>(Doc. Nos. 2, 3) |

On August 28, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On September 3, 2026, the court issued an order indicating that it would construe the petition as including a motion for temporary restraining order, set a briefing schedule on that motion, and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 6.) Respondent was further directed to state any opposition that it had to the court's stated intention to rule on the underlying petition based on

/////

the current briefing before it as well as to provide substantive reasons in support of their position in this regard in their opposition. (*Id.*)

On September 4, 2026, respondent filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 7.) Therein, respondent contends that petitioner was detained pursuant to § 1225(b) but concedes that recent Ninth Circuit authority compels a finding that petitioner is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) because he entered the United States without admission, inspection or parole, and was subsequently detained by immigration authorities in the interior of this country. (*Id.* at 2.) Respondent further contends that "[t]his case is distinguishable in that Petitioner has a conviction record involving violence, whereas the other petitioners in the cases cited by the Court[] did not." (*Id.* at 1.) Respondent has not raised any opposition to the court ruling directly on the merits of the petition, and the court will do so.

Based upon the parties' briefing, the court finds the following facts. Petitioner entered the United States at an unknown date or time and without inspection. (Doc. No. 7 at 5.) On or about August 8, 2026, petitioner was transferred from local law enforcement custody to immigration custody where he has remained to date.

As a preliminary matter, the court is unpersuaded by respondent's conclusory assertion, unsupported by any substantive argument or citation to authority that this action is distinguishable from the cases cited in the court's prior order. In light of respondent's concession that petitioner was originally detained pursuant to 8 U.S.C. § 1225(b), but that under Ninth Circuit precedent petitioner's immigration detention is pursuant to § 1226(a), the court incorporates the reasoning set forth in *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963 (E.D. Cal. Aug. 10, 2026), where the court concluded that the government's failure to comply with the procedures set forth in § 1226(a) rendered the petitioner's detention in that case unlawful and warranted the petitioner's immediate release. Here, there is no indication that a warrant was issued for petitioner, and "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *J.A.C.P. v. Wofford*, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025)

(citation and internal quotation marks omitted). Accordingly, the court will grant the petition and order petitioner's immediate release.

For the reasons above,

1. Petitioner's combined petition for writ of habeas corpus and motion for temporary restraining order (Doc. No. 1) is GRANTED in part as follows:

   a. Petitioner's petition for writ of habeas corpus is GRANTED:

      i. Respondent is ORDERED to immediately release petitioner Luciano Hernandez Campos, A-File No. 222-597-489, from respondent's custody;

      ii. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

   b. Petitioner's motion for temporary restraining order is DENIED as having been rendered moot by this order granting petitioner habeas relief;

2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;

3. Petitioner's motion to appoint counsel (Doc. No. 3) is DENIED as having been rendered moot by this order;

4. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

5. The Clerk of the Court is directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **September 9, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE